## CRYSANTO CASTRO, Respondent, v. JEFFERSON BAILEY, Appellant.

### No. 2023; December· 4, 1869.

**Waters—Right to Turn Overflow on Neighbor.**—One over whose lands water spreads during freshets has no right to construct barriers so that he relieves these lands but inflicts the overflow upon the lands of a neighbor.

APPEAL from Third Judicial District, Santa Clara County.

S. O. Houghton for respondent; Archer & Lowell for appellant.

SAWYER, C. J.—We think the judgment correct upon the findings and amended findings made by the court. The case appears to us to be much stronger than Ashley v. Walcott et al., 11 Cush. (Mass.) 192, and Luther v. Winnisimmet Co., 9 Cush. (Mass.) 171. The dam was clearly a nuisance.

Judgment affirmed.

We concur: Rhodes, J.; Sanderson, J.; Sprague, J.

CROCKETT, J.—The gravamen of this action is, that the defendants erected a dam, whereby the waters, which, during freshets, found their way into the bay, across the lands of the defendants, were diverted from their natural and accustomed course, and were thereby made to flow across and upon

the plaintiff's land, whereby his growing crops were injured and the land rendered partially or wholly unfit for cultivation. In the complaint the dam is alleged to have been erected across a "brook or stream" called or known by several different names; and the defendants claim that the proof shows there was no brook or stream at the particular spot where the dam was erected; and that the water, during freshets, spread out at that point and dispersed themselves over Bailey's land, greatly to his detriment, and that the dam was simply intended, and only had the effect, to concentrate the water into an old channel, so as to protect Bailey's land from overflow. But we apprehend the alleged variance between the complaint and the proofs, on this point, is immaterial and that the defendants were neither misled nor prejudiced by it. Nor is it material whether the effect of the dam was to divert a running stream from its natural channel, or only to collect into one body the waters which had been accustomed to disperse themselves over Bailey's land, in finding an outlet to the bay. In either event, the damage to the plaintiffs was the same. If the water, during freshets, naturally spread over Bailey's land, he had no right to relieve himself of this inconvenience, at the expense of the plaintiffs; and by erecting an artificial barrier, so to accumulate and divert the water, as to overflow the plaintiff's land, which would, otherwise, have been free from inundation, if the water had been left to find its accustomed outlet to the bay. On the whole I see no reason to disturb the judgment.